No. 3914

Second Circuit

OTIS v. KAPLAN

(December 23, 1930. Opinion and Decree )

Lester & Madden, of Monroe, attorneys for plaintiff, appellee.

Stubbs & Thompson, of Monroe, attorneys for defendant, appellant.

DREW, J. Plaintiff alleges that he is a doctor of medicine and a specialist in nervous and mental diseases; and that the defendant is indebted unto him in the sum of $275.24 for this, to-wit:

That defendant on or about the 6th day of May, 1929, authorized and delegated Dr. D. I. Hirsh, a physician of Monroe, Louisiana, to procure the services of plaintiff, a resident of New Orleans, Louisiana, to go to Pineville, Louisiana, and there make an examination and inquiry into the sanity of Samuel Kaplan, a brother of defendant; that acting under said authority, Dr. D. I. Hirsh communicated with plaintiff, explaining the instructions that had been given him. Acting upon said instruction given to him by defendant, through his agent, Dr. Hirsh, that plaintiff went to Pineville and made the examination of Samuel Kaplan, then an inmate of the Central Louisiana State Hospital, and reported his findings to the defendant; that he at that time presented defendant with a bill for his services and was promised by the said defendant that the bill would be paid. He alleges amicable demand and the failure of defendant to pay the bill.

Defendant denies the allegations of the petition and alleges that if the bill is due at all, that it is due by the estate of Sam Kaplan.

The lower court rendered judgment in favor of the plaintiff in the amount sued for, and from that judgment defendant has prosecuted this appeal.

In the early part of May, 1929, Samuel Kaplan was adjudged insane and committed to the Central Louisiana State Hospital, at Pineville, Louisiana, by the Fourth Judicial District Court of Louisiana, in and for the parish of Ouachita. On that same day, the defendant, a brother of the interdict, apparently not satisfied with the interdiction, discussed the case with Dr. D. I. Hirsh, one of the physicians who had been appointed by the court to examine into the sanity vel non of Samuel Kaplan. During this discussion, defendant requested and authorized Dr. Hirsh to telephone to plaintiff, a nerve specialist in New Orleans, requesting that he come to Pineville at once and make an examination into the sanity of the then interdict. Acting on this telephone message, the plaintiff secured the services of other doctors in New Orleans to serve for him in his absence and proceeded to Pineville, where he was met by the defendant. Defendant furnished plaintiff with a full history of the case of his brother after which plaintiff made an examination into the sanity of Samuel Kaplan and reported to defendant what he found. At that time, plaintiff presented his bill for the amount sued for here As to what was said at the time the bill was presented, the testimony is widely different. Plaintiff swears that defendant was perfectly satisfied and promised to pay the bill; while defendant testifies that he did not promise to pay the bill, but told plaintiff to send the bill to the "tutor" (meaning curator of the interdict), and they would pay it. Plaintiff sent bills monthly to the defendant, but same were never paid. Suit was then filed.

It is conclusively proved and not contradicted that the plaintiff, Dr. W. J. Otis, is a specialist in nervous and mental diseases and that he performed services in conformity with the instructions given him by Dr. Hirsh and that the fee charged was a very reasonable one.

The only question in the case is: Was Dr. Hirsh the agent of defendant and is defendant bound for the fee?

Dr. Hirsh, when he telephoned to plaintiff, did so at the request of defendant, and in the conversation told plaintiff that he was talking for defendant and that defendant would meet him at Pineville. Defendant was present in the office when the telephoning was done and undoubtedly heard the conversation as he testifies that he located plaintiff in his office in New Orleans. It is also very evident that Dr. Hirsh did not know plaintiff and had never used him in any of his own cases, as he says, he preferred other specialists. Defendant suggested that plaintiff be called in to see his brother and requested that Dr. Hirsh call him on the telephone.

The evidence is clear that Dr. Hirsh telephoned to plaintiff at the request of defendant and told plaintiff that he was talking for the defendant; that defendant was present in the office of Dr. Hirsh at the time. This constitutes special agency and is binding upon the defendant. The reason that defendant authorized Dr. Hirsh to call the plaintiff and who defendant thought would have to pay the bill or who Dr. Hirsh told him would have to pay the bill is beside the issue as between the plaintiff and defendant herein. Plaintiff has no concern with why defendant appointed Dr. Hirsh as his agent to employ him to examine Samuel Kaplan; he was justified in acting upon the instructions given him by Dr. Hirsh, the special agent of defendant. It is enough that Dr. Hirsh was the special agent of the defendant and was acting within the scope of his authority.

The judgment of the lower court is correct; therefore it is ordered, adjudged and decreed that said judgment be affirmed, with costs.